IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| RAJAN R. CHILDS, | : |
| Plaintiff, | : |
| VS. | : |
| | :     1 : 23-CV-144 (LAG) |
| LT. KALANDRIA PETERSON KEARNEY, | : |
| Defendant. | : |

## ORDER and RECOMMENDATION

Plaintiff filed this action in August 2023, and subsequently filed two (2) motions to amend. (Docs. 1, 3, 11.) By Order dated January 17, 2024, Plaintiff's excessive force claim was allowed to proceed against Defendant Kearney, although the Court noted that it was not clear from Plaintiff's allegations whether Kearney actually participated in the alleged use of force or was allegedly present during the use of force and failed to intervene. (Doc. 13, p. 6.) The Court further recommended the dismissal of the John and Jane Doe Defendants, as Plaintiff identified these Defendants only as officers of the Albany Police Department who used force against him, with no additional identifying information. *Id.* This recommendation was adopted by Order dated April 25, 2024. (Doc. 31.)

Plaintiff's amended Complaint filed on December 18, 2023 was deemed the operative Complaint (Doc. 11-1; Doc. 13, p. 2.) Defendant Kearney filed a Motion to Dismiss the amended Complaint on April 24, 2024, and discovery was stayed pending the resolution of the Motion to Dismiss. (Docs. 26, 30.) In response to the Court's Order directing Plaintiff to respond to the Motion to Dismiss, Plaintiff filed a proposed amended Complaint. (Doc. 35-1). Defendant then filed another Motion to Dismiss, seeking to have the newly proposed amended Complaint dismissed. (Doc. 36.) Plaintiff again filed another proposed amended Complaint, which

Defendant has moved to dismiss. (Docs. 40, 43.) As the Court has not yet allowed the two proposed amendments to proceed (Docs. 35-1, 40), Defendant's motions to dismiss the amended complaints are premature, and will be treated by the Court as responses to Plaintiff's attempts to amend his Complaint. Plaintiff's proposed amendments will be treated as motions to amend.

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, "[t]he court should freely give leave [to amend] when justice so requires". Fed. R. Civ. P. 15(a)(2). The proposed amended Complaints filed by Plaintiff on May 15, 2024 and August 9, 2024 are identical. (Docs. 35-1, 40.) In his proposed amendments, Plaintiff alleges that Defendant Kearney instructed other officers to use excessive force against Plaintiff. *Id.* As Plaintiff specifically filed his proposed amendments, treated as motions to amend, in an effort to correct his alleged failure to state a claim, he is entitled to amend to add this claim that Kearney specifically instructed officers to use excessive force against him, and apparently failed to intervene in the use of force. (Doc. 35); *see Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991) *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 543 (11th Cir. 2002) ("Where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice.") "Generally, where a more carefully drafted complaint might state a claim, the district court abuses its discretion if it does not provide a *pro se* plaintiff at least one opportunity to amend before the court dismisses with prejudice." *Paulk v. Benson,* 2023 WL 5624257, *5 (11th Cir. 2023). *See also Robinson v. Carrington Mortgage Services, LLC.,* 2016 WL 11570445 (N.D.Ga. 2016) (in light of rule that *pro se* plaintiff must be given one opportunity to amend, plaintiff was allowed to amend after the filing of defendant's motion to dismiss). Thus, Plaintiff's motions to amend are **GRANTED**. (Docs. 35-1, 40.) Defendant shall have fourteen (14) days from the date of this Order and

Recommendation to file her response to the new operative Complaint, which is Doc. 11-1, as amended by Docs. 35-1 and 40.

The filing of Plaintiff's Amended Complaint on May 15, 2024 rendered Defendant's previously filed Motion to Dismiss moot. *Cordell v. Pacific Indem.,* 2006 WL 1935644 *4 (N.D.Ga. 2006). "The granting of a Motion to Amend renders moot a parties' previous pleadings." *Bujduveanu v. Dismas Charities, Inc.,* 2012 WL 13129841, *3 (S.D.Fla. 2012), *citing Malowney v. Federal Collection Deposit Group,* 193 F.3d 1342, 1345 n.1 (11th Cir. 1999); *Pierce v. City of Miami*, 176 F. A'ppx 12, 13 (11th Cir. 2006) (noting that summary judgment motions were rendered moot by subsequently file amended complaint).

Accordingly, it is the recommendation of the undersigned that Defendant's Motion to Dismiss filed on April 24, 2024 be **DENIED as moot**. (Doc. 26).

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, <u>WITHIN FOURTEEN (14) DAYS</u> after being served with a copy thereof. The District Judge shall make a de novo determination as to those portions of the Recommendation to which objection is made; all other portions of the Recommendation may be reviewed by the District Judge for clear error.

The parties are hereby notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

Plaintiff's motions to set aside the stay of discovery are **GRANTED**, and the discovery period is reopened for a period of ninety (90) days from the date of this Order and Recommendation, which will allow Plaintiff to seek the identities of the John and Jane Doe defendants originally named in his Complaint. (Docs. 33, 39.)

Both of Defendant's subsequently filed motions to dismiss, which are premature and considered by the Court to be responses to Plaintiff's attempts to amend his Complaint, are **DENIED as moot**. (Docs. 36, 43.)

**SO ORDERED and RECOMMENDED**, this 26th day of August, 2024.

s/ ***Thomas Q. Langstaff***
UNITED STATES MAGISTRATE JUDGE